Filed 3/14/14  P. v. Sanchez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JAIME GUTIERREZ SANCHEZ,<br><br>  Defendant and Appellant. | G048871<br><br>(Super. Ct. No. 13NF0469)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, W. Michael Hayes, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*         \*         \*

Defendant Jaime Gutierrez Sanchez filed a notice of appeal after a jury convicted him of attempted first degree burglary (Pen. Code, §§ 459, 460, 664; all statutory references are to the Penal Code unless noted). His appointed counsel filed a brief summarizing the case, but advised this court there were no issues to support an appeal. After conducting an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

FACTS

At approximately 3:45 a.m. on February 2, 2013, David Kooi was awakened when he heard a noise coming from the first floor of his two-story condominium and spotted a man trying to open a locked window to the condominium. Kooi banged on the window and asked the man what he was doing. The man walked away. Kooi noticed the screen had been removed and called police. Officers detained Sanchez a few blocks away and Kooi identified him as the man who attempted to open his window.

Officer Rafael Orozco interviewed Sanchez in Spanish after advising him of his *Miranda* rights (*Miranda v. Arizona* (1966) 384 U.S. 436). Sanchez admitted removing the screen from Kooi's front window. He claimed a man had tried to rob him on the street as he walked home from a taco shop, and the would-be robber ran into Kooi's residence. Sanchez denied attempting to enter Kooi's residence to steal anything. Sanchez displayed symptoms of intoxication.

In July 2013, a jury convicted Sanchez of attempted first degree burglary. On July 12, 2013, the trial court sentenced Sanchez to two years in prison for the current conviction, plus an eight-month consecutive term for a conviction in a separate case.

2

DISCUSSION

Sanchez's appellate lawyer lists as possible claims appearing in the record whether the trial court prejudicially erred by failing to instruct the jury *sua sponte* on trespass as a lesser included offense under the accusatory pleadings test *(People v. Moon* (2005) 37 Cal.4th 1, 25), and whether the trial court erred in finding Sanchez's conviction constituted a strike (§ 1192.7, subd. (c)(18), (39)).  Counsel represents in her declaration attached to the opening brief she has read the entire record and conducted the necessary legal research.  She advised Sanchez by letter of the nature of her brief, informed him in writing she would serve him with a copy, and that he could file a supplemental opening brief on his own behalf.  She advised him she would provide a copy of the record on appeal to aid him in preparing a supplemental brief.  She also advised she would remain available to brief issues as requested by the court, and that Sanchez could request the court to relieve her as his lawyer in this case.[1]

Although not required to do so, we have considered the possible issues listed by counsel and conclude they do not raise arguable issues.  We have conducted a review of the entire record under *Wende, supra,* 25 Cal.3d at p. 440 and *Anders v. California* (1967) 386 U.S. 738, and we find no other arguable issues on appeal.  Sanchez has not filed a supplemental brief.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124 [appellate court must address issues raised personally by appellant in a *Wende* proceeding and explain why they fail].)

---

[1]     Appellate counsel advised this court in a letter filed March 7, 2014 the mail she sent to Sanchez in prison in January 2014 was returned with a stamp indicating he was no longer in custody.  Sanchez advised he expected to be deported to Mexico around January 10, 2014.  Mail sent to Sanchez at the address provided was stamped "return to sender" with a handwritten note "deported to Mexico."  Counsel states she does not have an address for Sanchez in Mexico and she is unable to provide this court with a forwarding address for him.

3

DISPOSITION

The judgment is affirmed.


ARONSON, ACTING P.J.

WE CONCUR:


FYBEL, J.


IKOLA, J.

4